UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ADHAM HASSOUN,

                                                  Petitioner,

                                                  Case # 18-CV-586-FPG

v.

                                                  DECISION AND ORDER

MR. JEFF SESSIONS, Attorney General of
the United States, et al.,

                                                  Respondents.

## INTRODUCTION

Petitioner Adham Hassoun, a civil immigration detainee detained at the Buffalo Federal Detention Facility, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. ECF No. 1; ECF No. 3 (amended petition). He claims that he has been in U.S. Immigration and Customs Enforcement custody beyond the statutory removal period and that his detention violates his constitutional rights. *See* ECF No. 3. Currently pending before the Court are four motions filed by Petitioner.

On June 29, 2018, Petitioner filed a Motion for Appointment of Counsel. ECF No. 8. This Court had denied without prejudice Petitioner's previous motion seeking such relief, finding that it was premature. ECF No. 5. Since filing his subsequent motion, however, Petitioner has obtained representation and his counsel have filed appearances in this action. *See* ECF Nos. 18, 19.

On July 9, 2018, Petitioner filed a Motion for the Court to Order Respondents to Produce Discovery, seeking "[t]he [d]iscovery of all the documents that pertain to his unlawful detention." ECF No. 9 at 1.

On July 11, 2018, Petitioner filed a second motion for discovery, in which he requests discovery pursuant to Article 240 of New York Criminal Procedure Law, as well as the production of "all the legal documentaries pertaining to his remedy of his unlawful detention." ECF No. 10 at 1.

Finally, on July 25, 2018, Petitioner filed a Motion for the Court to Order the Return of Legal Data. ECF No. 12. In this motion, Petitioner alleges that officers at the Buffalo Federal Detention Facility confiscated his flash drive, which contained legal materials and research, deeming it to be contraband. *See id.* at 1. Petitioner claims that the officers acted on behalf of Respondent Jeffery Searls, Acting Assistant Field Office Director of the ICE Buffalo Field Office, who allegedly has a personal vendetta against Petitioner. *Id.* at 2. Petitioner also asserts that, at Searls' behest, Petitioner was wrongly moved to stricter confinement within the facility. Petitioner requests that the Court (1) order the return of his flash drive and legal materials, (2) protect Petitioner from Respondent Searls, and (3) order the transfer of Petitioner to a different detention facility.

## DISCUSSION

Because Petitioner has obtained counsel, his Motion for Appointment of Counsel (ECF No. 8) is DENIED AS MOOT.

Petitioner's two motions for discovery (ECF Nos. 9, 10) are DENIED WITHOUT PREJUDICE. "In immigration habeas proceedings under § 2241, a petitioner is not entitled to discovery as a matter of course." *Toolasprashad v. Tryon*, No. 12CV734, 2013 WL 1560176, at *2 (W.D.N.Y. Apr. 11, 2013) (citing *Yosef v. Killian*, 646 F. Supp. 2d 499, 504 n.4 (S.D.N.Y. 2009)); *see also Razzoli v. Fed. Bureau of Prisons*, No. 12 Civ. 3774, 2013 WL 3580633, at *1 (S.D.N.Y. July 10, 2013). Instead, the petitioner must establish good cause for the discovery.

*Tryon*, 2013 WL 1560176, at *2-3. Good cause exists where "specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." *Yosef*, 646 F. Supp. 2d at 504 n.4 (quoting *Bracy v. Gramley*, 520 U.S. 899, 904 (1997)). "In the absence of such a showing, the Court may exercise its discretion to deny a discovery request." *Id.* In this case, Petitioner has neither identified specific discoverable materials nor articulated good cause for their discovery. His blanket request does not justify relief at this juncture. Nevertheless, the Court denies Petitioner's motions without prejudice to seeking discovery at a later date, should the need arise during the course of this litigation.

Regarding Petitioner's motion alleging the wrongful confiscation of his legal materials (ECF No. 12), Respondents shall file a written response to the motion within 30 days of the date of this Order. Petitioner may file a written reply within 15 days after he receives Respondents' response.

## CONCLUSION

Petitioner's Motion for Appointment of Counsel (ECF No. 8) is DENIED AS MOOT.

Petitioner's two motions for discovery (ECF Nos. 9, 10) are DENIED WITHOUT PREJUDICE.

Within 30 days of the date of this Order, Respondents shall file a written response to Petitioner's Motion for the Court to Order the Return of Legal Data (ECF No. 12). Petitioner may file a written reply within 15 days after he receives Respondents' response.

IT IS SO ORDERED.

Dated: October 02, 2018
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court