UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ADHAM HASSOUN,

                                Petitioner,

                                                                              Case # 18-CV-586-FPG

v.

                                                                                DECISION AND ORDER

MR. JEFF SESSIONS, Attorney General of
the United States, et al.,

                                Respondents.

On March 2, 2019, Petitioner Adham Hassoun filed an omnibus motion to reopen this case and for an expedited status conference. ECF No. 59. Petitioner argues that this case was closed on the incorrect view that his petition had been fully resolved. Petitioner appears to contend that, because the government is now holding Petitioner on grounds independent of those rejected by the Court in its January 2, 2019 Decision and Order, there remain issues to be litigated. Petitioner requests a status conference so that he can "discuss the premature closure of the case" and "obtain guidance from the Court about the appropriate way" to challenge his continued detention. *Id.* at 2, 4. Petitioner indicates that Respondent does not oppose a status conference "and has taken no position on whether the case was prematurely closed." *Id.* at 2. Petitioner's omnibus motion is DENIED.

Petitioner appears to rely on subsections (b)(1) and (b)(6) of Federal Rule of Civil Procedure 60 to argue that this case should be reopened. *See id.* at 4. Rule 60(b) permits a court to "relieve a party . . . from a final judgment, order, or proceeding" for certain reasons. Subsection (b)(1) permits a court to vacate a judgment on the basis of "mistake" or "inadvertence," while subsection (b)(6) is a catch-all provision that permits a court to vacate a judgment for "any other

reason that justifies relief." Fed. R. Civ. P. 60(b)(1), (6). "[A]rguments that the district court erred—either on matters of law or fact—are encompassed by, and must be brought under, Rule 60(b)(1)." *Wright v. Poole*, 81 F. Supp. 3d 280, 290-91 (S.D.N.Y. 2014) (collecting cases); *see also Sherrod v. Artus*, No. 13-cv-6539, 2018 WL 2473572, at *2 (W.D.N.Y. June 4, 2018) (stating that Rule 60(b)(1) applies "where a court may have overlooked certain parties' arguments or evidence in the record").

Here, however, Petitioner fails to identify any mistake that the Court made in analyzing the petition. Granted, Petitioner now wishes to have the Court address the legality of his detention under 8 C.F.R. § 241.14(d)—the new basis on which the government is justifying Petitioner's detention. *See* 8 C.F.R. § 241.14(d) (permitting civil detention of alien whose removal is not likely but who presents a national security or terrorism risk). But this is different from arguing that the Court erred by resolving the original petition in the manner it did. Issues concerning Petitioner's dangerousness were not part of the original controversy, as the government was not justifying Petitioner's continued detention on that basis. Petitioner acknowledged as much in his reply brief. *See* ECF No. 29 at 31 & n.8. Subsequent developments have since implicated those issues, but they are not covered by the petition, and the Court did not err in declining to address them when they were decidedly hypothetical. *See* ECF No. 46 at 14 n.5.

In short, Petitioner now seeks to litigate matters that are beyond the scope of his original petition. The Court is therefore not persuaded that the case should be reopened on the basis that the Court committed a mistake of law or fact when it disposed of the petition in the manner it did. In addition, the Court declines to schedule a status conference. How Petitioner should litigate the new detention issues—by moving to expand the scope of the present action, by filing a new action, etc.—is not a matter on which the Court may give guidance.

For these reasons, Petitioner's omnibus motion (ECF No. 59) is DENIED.

IT IS SO ORDERED.

Dated: March 5, 2019
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court